**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TERRY PONELL HOLLIS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-05-833-R |
| | ) | |
| **MARY SIRMONS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered October 19, 2005 and Petitioner's Objection. In his Objection, Petitioner asserts that the merits of the factual dispute were not resolved by the Oklahoma Court of Criminal Appeals; that the unpublished opinion of the Oklahoma Court of Criminal Appeals is not fairly supported by the record as a whole, is contrary to United States Supreme Court precedent or based on an unreasonable determination of the facts in light of the evidence at trial; and that the evidence at trial was insufficient to support Petitioner's conviction. Petitioner asserts that the State failed to prove each of the elements of burglary in the first degree beyond a reasonable doubt. Petitioner also asserts that he was hampered at trial in his efforts to prove he was innocent, by showing that the house he broke into was his own, by the trial judge's limitation on his counsel's cross-examination of Tiffany Sue Austin.

The Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections. The Court has reviewed the trial transcript. The Court concurs with the

Magistrate Judge that sufficient evidence was presented at trial for a reasonable jury to have found Petitioner guilty of burglary in the first degree and specifically of breaking and entering the victim's residence with the intent to commit assault. *See* Report and Recommendation at p. 7. Based on the evidence presented at trial, viewed in a light most favorable to the prosecution, a rational jury could find the essential elements of burglary in the first degree beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1991). The only issue as to the sufficiency of the evidence before the Oklahoma Court of Criminal Appeals was whether Petitioner had the intent to assault the victim when he broke into her apartment. The OCCA's determination of this issue was not contrary to and did not involve an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1991). Petitioner did not assert a claim or raise any argument before the Magistrate Judge predicated on the trial court's limitation on the cross-examination of Tiffany Sue Austin. Hence, the Court does not consider such claim or argument now.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Terry Ponell Hollis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

**It is so ordered this 15th day of November, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE